Edward CHILMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–99–00522–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 18, 2000.

Ross Palmie, Winston E. Cochran, Jr., Houston, for appellants.

Kelly Ann Smith, Houston, for appellees.

Panel consists of Justices ANDERSON, FROST, and LEE.*

## OPINION

KEM THOMPSON FROST, Justice.

In this case we address the community caretaking exception to the warrant requirement and issues relating to the showing of probable cause necessary to arrest an individual for the offense of driving while intoxicated.

### INTRODUCTION

The appellant, Edward Chilman, was charged with driving while intoxicated. He filed a motion to suppress evidence contending there was no basis for his ini-

tial detention and subsequent arrest, which produced evidence of his intoxication. After the trial court denied his motion to suppress, the appellant entered a plea of guilty, and the court sentenced him to confinement in the Harris County Jail for 180 days and fined him $150. The appellant filed a notice of appeal, which he later amended, claiming: (1) there was no reasonable suspicion to support the detention that led to evidence of intoxication, and (2) there was no probable cause to arrest him for driving while intoxicated to justify requiring him to make a choice concerning a breath test. We affirm the decision of the trial court.

### FACTUAL BACKGROUND

In the early morning hours of January 12, 1999, Officer Adames,[1] a peace officer, was patrolling the Rice University campus, located near downtown Houston. Around 2:00 a.m., the officer observed a red car stopped in front of a barricade erected to block campus entrance 13. The officer did not know when the red car had pulled up to the barricade nor did he know exactly how long the car had been there, although he knew the car was not there when he passed by the same spot twenty minutes earlier. From his patrol car, Officer Adames observed the passenger leave the red car and survey the barricade to the campus entrance. In an effort to determine what the car's occupants were doing on campus, and possibly to provide some directory assistance because they appeared to be lost, Officer Adames turned on his patrol car's emergency equipment. This action prompted the passenger to jump back into the red car. When Officer Adames approached, the appellant, who was in the driver's seat, asked the officer why he had stopped him and declared that there was no reason to stop him. Officer Adames asked the appellant for identification. While the appellant was searching for his identification, Officer Adames no-

---

* Senior Justice Norman Lee sitting by assignment.

1. Officer Adames' first name does not appear in the record.

ticed that the appellant's speech was slurred, his eyes were bloodshot, and his breath smelled like alcohol. In addition, the appellant gave evasive responses to the officer's questions. During this time, the engine of the appellant's car was still running. When Officer Adames asked the appellant to step out of the car, he complied but refused to perform any field sobriety tests or submit to an alcohol breath test. Because Officer Adames believed the appellant to be intoxicated, he arrested him for driving while intoxicated.

## STANDARD OF REVIEW

When reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to the "trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor." *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim.App.1997). When the ruling is on an application of the law to a fact question that does *not* depend upon an evaluation of credibility and demeanor, we review the trial court's decision *de novo. See id.* Determinations of reasonable suspicion and probable cause are reviewed *de novo. See id.* at 87 (citing *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)). Therefore, we review the facts that led the trial court to conclude there was reasonable suspicion and probable cause using an abuse of discretion standard; we review *de novo* the application of these facts to the legal tests to determine reasonable suspicion and probable cause.

## REASONABLE SUSPICION

In his first point of error, the appellant contends the trial court erred in denying his motion to suppress evidence because there was no reasonable suspicion to support his detention. Specifically, he argues that the State obtained evidence of his intoxication in violation of both the Fourth Amendment to the United States Constitu-

tion and article I, section 9 of the Texas Constitution and therefore, this evidence was inadmissible in a criminal trial.

An appellant claiming relief under both the federal and state constitutions must "analyze, argue or provide authority to establish that his protection under the Texas Constitution exceeds or differs from that provided to him by the Federal Constitution." *Arnold v. State,* 873 S.W.2d 27, 33 (Tex.Crim.App.1993). The Texas Court of Criminal Appeals initially instructed that if the appellant did not provide sufficient distinctions between the state and federal constitutional grounds, the ground could be overruled as multifarious. *See Heitman v. State,* 815 S.W.2d 681, 690 n. 23 (Tex.Crim.App.1991) (quoting *McCambridge v. State,* 712 S.W.2d 499, 502 n. 9 (Tex.Crim.App.1986)). The court has since modified this approach and instead instructed that under such circumstances, the reviewing court need not address the appellant's state constitutional argument. *See Arnold,* 873 S.W.2d at 33. Here, the appellant does not analyze, argue, or provide authority to establish that his protection under the Texas Constitution exceeds or differs from the protection provided to him by the United States Constitution. Therefore, we will not address the appellant's state constitutional argument.

In general, the Fourth Amendment of the United States Constitution protects an individual from searches and seizures absent a warrant based on probable cause. *See Wright v. State,* 7 S.W.3d 148, 150 (Tex.Crim.App.1999) (en banc). There are several exceptions to the warrant requirement, including a temporary detention based on reasonable suspicion. *See Wright,* 7 S.W.3d at 150. Another exception comes into play when the detention arises in connection with the officer's exercise of a community caretaking function. *See Cady v. Dombrowski,* 413 U.S. 433, 441, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); *Wright,* 7 S.W.3d at 151–52.

 The community caretaking exception is based on and arises out of the multiple roles a peace officer performs. *See Wright*, 7 S.W.3d at 151. In addition to enforcing the law, conducting investigations, and gathering evidence to be used in criminal proceedings, peace officers also investigate accidents (often where there is no claim of criminal liability), direct traffic, and "perform other duties best described as 'community caretaking functions.'" *Id.* (citing *Cady*, 413 U.S. at 441, 93 S.Ct. 2523). In the role of a community caretaker, the police officer may stop and assist an individual who needs help. *See id.* Whether an individual "needs help" is evaluated by whether a reasonable person would believe the individual needs assistance, looking at the totality of the circumstances. *See id.* In making this evaluation, the following factors are relevant:

(1) the nature and level of the distress exhibited by the individual;

(2) the location of the individual;

(3) whether or not the individual was alone and/or had access to assistance independent of that offered by the officer; and

(4) to what extent the individual, if not assisted, presented a danger to himself or others.

*Id.* at 152.[2] To determine if an individual "needed help," thereby triggering the community caretaking function, the court conducts a fact intensive inquiry based on the circumstances of the case.

 In this case, the police officer observed the appellant's car, with the engine running, in front of a barrier which blocked an entrance to the university campus. The barriers are there for safety reasons, i.e., to enable the campus police to monitor who exits and who enters the university campus. After midnight, barriers block all but one entrance to the campus. When Officer Adames spotted the appellant's car on campus, the passenger was outside of the vehicle looking at the barrier. The area was deserted except for the appellant, his passenger, and the campus police officer. When the officer turned on his emergency equipment, the passenger immediately jumped inside the appellant's car. The officer approached the car to find out if the occupants needed directions.[3] A reasonable person would have believed that the occupants of the vehicle needed assistance given that the appellant and his passenger (1) appeared to be confused by or concerned about the barrier, (2) had stopped their car on the campus in an unusual location, i.e., a spot where people normally do not park, and at an unusual time (2:00 a.m.), (3) were relatively isolated so there was no one else to assist them, particularly given the hour, and (4) presented a danger to others if they removed or disturbed the barrier. Therefore, we conclude that the officer was acting in his community caretaking function and so did not need a warrant to detain the appellant.[4] We overrule the appellant's first point of error.

### PROBABLE CAUSE

In his second point of error, the appellant contends the trial court erred in denying his motion to suppress because there was no probable cause to arrest the appellant. Specifically, the appellant contends

---

**2.** In *Wright*, the Texas Court of Criminal Appeals noted that, in certain instances, other factors might also be relevant. 7 S.W.3d at 152, n. 5.

**3.** The appellant argues that although a reasonable person may have believed the passenger needed help, a reasonable person would not have believed the *appellant* needed help because he was neither in distress nor a danger to himself or others. Even if this were true, the officer did not approach only the appellant. The passenger had gotten back into the car, and the officer approached the car, where both the appellant and the passenger were sitting.

**4.** Given this ruling, we do not reach the State's argument that the encounter between the appellant and the officer was consensual and so not subject to Fourth Amendment protection.

that Officer Adames lacked probable cause because he did not see the appellant drive the car.

An officer can make a warrantless arrest when (1) there is probable cause to believe an offense has been or is being committed, and (2) the arrest falls within one of the statutory exceptions to the warrant requirement contained in articles 14.01 through 14.04 of the Texas Code of Criminal Procedure. *See McGee v. State*, 2000 WL 38889, at * 4 (Tex.App.—Houston [14th Dist.] Jan.20, 2000, no pet. h.) (*citing Stull v. State*, 772 S.W.2d 449, 451 (Tex.Crim.App.1989)); *Rosalez v. State*, 875 S.W.2d 705, 718 (Tex.App.—Dallas 1993, pet. ref'd). Probable cause for a warrantless arrest exists when "at the moment of arrest, the facts and circumstances within the officer's knowledge and of which the officer had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the arrested person had committed or was committing an offense." *Hillsman v. State*, 999 S.W.2d 157, 161 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd) (citing *Guzman*, 955 S.W.2d at 90). As the reviewing court, we consider the totality of the circumstances when determining whether the facts were sufficient to give the officer probable cause to arrest the defendant. *See Guzman*, 955 S.W.2d at 87.

The offense of driving while intoxicated occurs when an individual (1) is intoxicated and (2) operates a motor vehicle in a public place. *See* Tex. Pen.Code Ann. § 49.04 (Vernon Supp.2000). Texas courts have found probable cause despite the fact that an officer did not see the accused operating a motor vehicle. *See, e.g., State v. Parson*, 988 S.W.2d 264, 267–68 (Tex.App.—San Antonio 1998, no pet.) (finding probable cause (1) where accused (a) was connected to the accident scene, (b) was standing in front yard only five to ten minutes from the scene, (c) had damage on a truck adjacent to him, (d) had told a friend that he had hit something on the

way home, (e) seemed intoxicated, (f) became upset when officers told him people had been injured in a hit and run accident nearby and (2) where the vehicle involved in the accident was a truck); *Elliott v. State*, 908 S.W.2d 590, 591–92 (Tex.App.—Austin 1995, pet. ref'd) (finding probable cause where appellant was involved in accident and was intoxicated). The facts known to Officer Adames at the time of the arrest were: (1) the appellant seemed intoxicated based on (a) his red, bloodshot eyes, (b) his slurred speech, (c) the smell of alcohol on his breath, (d) his evasiveness to questions, and (e) his demand to know why the officer had stopped him even though his car was already stopped before Officer Adames activated the emergency equipment and approached the appellant's car; (2) the appellant had been sitting behind the wheel of a running car which had not been at that location twenty minutes before; and (3) the appellant demanded to know why the officer had stopped him, which indicates that appellant had been driving. Considering the totality of the circumstances, we find these facts were sufficient for a prudent person to believe that the appellant had been driving while intoxicated.

Additionally, Officer Adames had probable cause to believe the appellant was committing an offense by being intoxicated in public. The offense of "public intoxication" occurs when an individual (1) appears in a public place while intoxicated and (2) is so intoxicated that he might endanger himself or another. *See* Tex. Pen.Code Ann. § 49.02(a) (Vernon Supp. 2000). The second element is satisfied by proof of potential danger. *See Dickey v. State*, 552 S.W.2d 467, 468 (Tex.Crim.App. 1977); *Segura v. State*, 826 S.W.2d 178, 184 (Tex.App.—Dallas 1992, pet. ref'd). If an intoxicated person is in an officer's presence and there is probable cause to arrest him for public intoxication, the officer may do so without a warrant even though a warrantless arrest for the offense of driving while intoxicated would violate

the person's constitutional rights. *See Mathieu v. State,* 992 S.W.2d 725, 728 (Tex.App.—Houston [1st Dist.] 1999, no pet.). The arrest is not invalid merely because the officer labels the offense "driving while intoxicated." *See Peddicord v. State,* 942 S.W.2d 100, 109 (Tex.App.—Amarillo 1997, no pet.) (finding probable cause for arrest where officer formed opinion that the defendant (1) was intoxicated based on his smelling like alcohol and failing the field sobriety tests, and (2) was harmful to others because he had been driving a vehicle that caused an accident and might attempt to drive away from the scene); *Reynolds v. State,* 902 S.W.2d 558, 560 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd) (finding probable cause for arrest where officer testified the defendant (1) had slurred speech, bloodshot eyes, unstable balance, and breath smelling of alcoholic beverages, and (2) was danger to self because of instability and if allowed to drive, would be danger to others). Based on his personal observations, Officer Adames formed the opinion that the appellant was intoxicated. Because the appellant had been seated behind the wheel of a car, with the engine running, in a public place, he posed a danger to himself and others if he operated that vehicle. Therefore, there was probable cause for the appellant's arrest.

■ The appellant argues there is no rationale for admitting evidence of his refusal of the breath test if the arrest was not for driving while intoxicated. He cites the implied consent law to support his position. However, "the implied consent law applies to a person arrested for any offense, not just driving while intoxicated, arising out of the operation of a motor vehicle while intoxicated." *Elliott,* 908 S.W.2d at 593. In *Elliott,* the defendant drove his truck into another vehicle and was intoxicated; the court held the officer had reasonable grounds to believe that the defendant was operating a motor vehicle while intoxicated at the time the accident occurred. *Id.* Evidence that the defendant was operating a motor vehicle while intoxicated was admissible to prove an element of public intoxication, i.e., danger to self or others. *See id.* The *Elliott* court held that under the circumstances presented, the offense for which the defendant was lawfully arrested—public intoxication—arose in part out of acts alleged to have been committed while the defendant operated a motor vehicle while intoxicated; therefore, the defendant's consent to take the intoxilyzer test was not the result of an improper application of the implied consent law. *See id.*

■ Here, the appellant, who had demonstrated clear signs of being intoxicated, was behind the wheel of an automobile with its engine running; therefore, the officer had reasonable grounds to believe the appellant had been operating a motor vehicle while intoxicated. Evidence that the appellant was operating a motor vehicle while intoxicated is admissible to prove an element of public intoxication, i.e., danger to self or others. Under the circumstances presented, the offense for which the appellant was lawfully arrested—public intoxication—arose in part out of acts alleged to have been committed at the time the appellant was operating a motor vehicle while intoxicated. Consequently, the appellant's refusal to take the breath test was not the result of an improper application of the implied consent law.

Having found that there was probable cause to arrest the appellant for two separate offenses, (1) driving while intoxicated and (2) public intoxication, we overrule the appellant's second point of error.

The judgment is affirmed.