Opinion issued January 2, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00119-CR




EUGENE MELVIN POTTS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 874851




M E M O R A N D U M O P I N I O N

           Eugene Melvin Potts, appellant, was charged by indictment with the felony offense
of possession of a controlled substance. Appellant filed a motion to suppress. After the trial
court denied his motion, appellant pled guilty to possession of a controlled substance. The
trial court, following an agreed recommendation, sentenced appellant to four years’
community supervision, a $500 fine, and 10 days in Harris County jail as a condition of
community supervision.
           Appellant claims the trial court erred and abused its discretion in denying appellant’s
motion to suppress in violation of (1) the Fourth Amendment of the United States
Constitution, (2) Article I, § 9 of the Texas Constitution, and (3) Article 38.23 of the Texas
Code of Criminal Procedure. 
Background
           Houston Police Sergeant Bobby Roberts was on routine patrol when he observed a car
in which appellant was riding run a stop sign. Roberts stopped the car and called a back-up
unit because he could see that there were three males in the car. Roberts approached the
driver while Officer Cox approached appellant, who was the front-seat passenger. Officer
Sweat approached the rear-seat passenger. Cox believed that appellant was intoxicated
because Cox observed that appellant had glassy eyes, somewhat slurred speech, and difficulty
answering simple questions. Sweat told Cox that a bottle of phencyclidine (PCP) had been
found in the back seat of the vehicle where the third passenger was seated. Cox then asked
appellant if he had smoked PCP, and appellant said he had. Cox testified that, during his
tenure as a police officer, he had come in contact with people who were under the influence
of PCP. Cox testified that appellant’s behavior was consistent with someone under the
influence of PCP. Cox placed appellant under arrest for public intoxication. Appellant was
then taken to the police station where a search was conducted. During that search, a small
bottle, which was later determined to contain PCP, was found in appellant’s jacket.
Discussion
           In his first, second, and third points of error, appellant argues that the trial court
violated his right under the Fourth Amendment of the United States Constitution, Article I,
§ 9 of the Texas Constitution, and Article 38.23 of the Texas Code of Criminal Procedure
in denying his motion to suppress the narcotics found during the inventory search. Appellant
contends the officers did not have probable cause to believe appellant had committed the
crime of public intoxication because there was no evidence that he posed a danger to himself
or others. Appellant claims that, because his arrest was without probable cause, the PCP
should have been suppressed as a product of an illegal search.
           We review a trial court’s ruling on a motion to suppress evidence for an abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor v. State,
945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). We afford almost
total deference to a trial court’s determination of historical facts that the record supports,
especially when the findings are based on the evaluation of credibility and demeanor. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The fact finder is the sole
judge of the witnesses’ credibility and may accept or reject any or all of a witnesses’
testimony. Taylor, 945 S.W.2d at 297. In reviewing a ruling on a question of application of
law to facts, we review the evidence in the light most favorable to the trial court’s ruling. 
Guzman, 955 S.W.2d at 89.
           A police officer may make a warrantless arrest if (1) there is probable cause to believe
that an offense has been committed or is being committed and (2) the arrest falls within one
of the statutory exceptions to the warrant requirement specified in articles 14.01 through
14.04 of the Texas Code of Criminal Procedure. Stull v. State, 772 S.W.2d 449, 451 (Tex.
Crim. App. 1989). Probable cause for a warrantless arrest exists when a police officer has
reasonably trustworthy information, considered as a whole, that is sufficient to cause a
reasonable, prudent officer to believe that a particular person has committed or is committing
an offense. See Hughes v. State, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000). A reviewing
court is to consider the totality of the circumstances when determining whether the facts were
sufficient to give the officer probable cause to arrest the defendant. Chilman v. State, 22
S.W.3d 50, 56 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). Once a suspect is validly
arrested, he may be properly searched incident to the arrest. Busby v. State, 990 S.W.2d 263,
270 (Tex. Crim. App. 1999).
           The offense of public intoxication occurs when an individual (1) appears in a public
place while intoxicated and (2) is so intoxicated that he might endanger himself or another. 
See Tex. Pen. Code Ann. § 49.02(a) (Vernon Supp. 2002). The danger need not be
immediate or apparent; it is sufficient if the defendant places himself or others in potential
danger. See Dickey v. State, 552 S.W.2d 467, 468 (Tex. Crim. App. 1977). The only
question is whether, under the facts and circumstances within the officer’s knowledge, he had
reasonably trustworthy information that would warrant a prudent person in believing that the
defendant or others were facing potential danger. Britton v. State, 578 S.W.2d 685, 689
(Tex. Crim. App. 1978) (op. on reh’g).
           Cox testified that he believed appellant was intoxicated based on appellant’s
appearance: his glassy eyes, his somewhat slurred speech, and his difficulty in answering
questions. After finding narcotics in the back seat of the car appellant was riding in, Cox
asked appellant if he had smoked PCP, and appellant stated that he had. Cox also testified
that on many occasions he had come into contact with individuals under the influence of
PCP. Cox stated that appellant’s behavior was consistent with that of a person under the
influence of PCP.
           Roberts testified that a person who is under the influence of PCP is very much a
danger to himself or others. Roberts had, on many occasions, come into contact with persons
who were under the influence of PCP, and those persons sometimes became extremely
violent as they went through “peaks” and “valleys.” Roberts noted that individuals under the
influence of PCP exhibit erratic actions, super strength, and resistance to pain, and they
experience hallucinations. Roberts also noted that it is very common for persons under the
influence of PCP to strip off their clothes, run into the middle of the street, or try to commit
suicide. While at the scene, Roberts observed that appellant appeared to be in a “valley” and
was not exhibiting signs of violent behavior, but there was no way to tell how long appellant
would stay in that “valley” before reaching a “peak”—which would make appellant more
violent and aggressive.
           Viewing the evidence in the light most favorable to the trial court’s ruling, we find
that Cox had probable cause to believe appellant was intoxicated and that he was a danger
to himself or others.
Conclusion
           We overrule appellant’s first, second, and third points of error.
 

 
                                                                  Sam Nuchia
                                                                  Justice


Panel consists of Justice Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.4.