COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 MANUEL VELAZQUEZ,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00373-CR
  
 Appeal from the
  
  County Court at Law No. 1
  
 of El Paso County, Texas 
  
 (TC# 990C02287) 
  
 
 


 

MEMORANDUM OPINION

 

Manuel Velazquez pleaded guilty to a
charge of driving while intoxicated, and pursuant to a plea bargain, the trial
court placed him on probation for one year.  
Velazquez appeals the denial of his motion to suppress the results of an
intoxilizer test. 
We affirm.

Facts








The trial court held a hearing on the
motion to suppress, where the following facts were established.  On February 12, 1999, Gregorio Vera lived at
1401 East San Antonio Street in El Paso, Texas. 
That evening, Vera heard a collision that sounded like one vehicle being
struck by another.  He stepped out, and
found that a pickup truck had struck his car. 
The driver of the pickup was defendant Velazquez.  Velazquez looked shaken and a little
hurt.  He exited the pickup and told Vera
he wanted to leave.  To Vera, he appeared
a little inebriated or intoxiated.  He was the only person in the pickup.  Vera asked if he had been drinking and
Velazquez answered Aa little bit.@  Vera noticed the
smell of alcohol coming from Velazquez and his truck.  When he stepped from the truck, he was stuttering
and he was unstable, Aa little bit of wobbly.@ 
He did not have any visible injuries.








Sergio Cordova testified he is an
officer with the El Paso Police Department with five years experience on the
force.  He has worked on DWI and public
intoxication cases, and has been in contact with hundreds of intoxicated
persons over the last five years.  He can
recognize the signs of intoxication, is certified to perform field sobriety
texts, and he normally administers the horizontal gaze nystagmus,
the one-leg stand and the walk-and-turn tests. 
He was on patrol the evening of February 12, 1999, when he was flagged
down by Gregorio Vera.  Officer Cordova
saw a pickup with apparent damage from a traffic accident, with fluid on the
ground.  He approached Velazquez
initially to check for injuries. 
Velazquez did not appear hurt, nor did he complain of injuries.  Cordova noticed the smell of alcohol on
Velazquez=s breath and person; he had bloodshot
eyes, slurred speech, and difficulty standing. 
Cordova performed the nystagmus,
one-leg-stand, and walk-and-turn tests on Velazquez, who could not perform them
correctly.  Cordova concluded from the
field sobriety tests and the smell of alcohol that Velazquez was
intoxicated.  He read Velazquez the
statutory DIC-24 warning regarding alcohol testing.  Velazquez indicated he understood the warning
and submitted to a breath test.  Cordova
agreed that he arrested Velazquez at the scene, and he was in custody about
thirty minutes before arriving at EPPD central command.  Velazquez was read his Miranda[1]
rights, which he indicated he understood. 
Cordova then interviewed him. 
Velazquez told him he had been operating the vehicle and that he had
consumed about three Bud beers.  He
hesitated in answering the question Awhat time did you finish your last
drink,@ but responded Aabout eight or so,@ although it was only about eight o=clock when they arrived at the
station.

Cordova did not see Velazquez
driving, nor did he witness the accident. 
He arrested Velazquez after the sobriety tests.  He had no warrant for the arrest.

Standard
of review

In reviewing the trial court=s decision on a motion to suppress,
we review the facts using an abuse of discretion standard.  Chilman v. State, 22 S.W.3d 50, 54 (Tex. App.--Houston [14th Dist.]
2000, pet. ref=d).  We apply a de novo review to the
application of those facts to the law.  Id.  If the trial court=s determination is correct on any
theory of law applicable to the case, we sustain the trial court=s decision.  Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990).








Probable cause existed to believe that Velazquez was
committing

the offense of public intoxication

 

Velazquez presents a single issue on
appeal.  He contends that the trial court
erred in denying his motion to suppress, because his warrantless
arrest was made without probable cause to believe he was driving while
intoxicated.  Finding the evidence
established grounds for a warrantless arrest for public
intoxication, we affirm.

An officer can make a warrantless arrest when (1) there is probable cause to
believe an offense has been or is being committed, and (2) the arrest falls
within a statutory exception to the warrant requirement.  Chilman, 22 S.W.3d at 56.  A
peace officer may arrest an offender without a warrant for any offense
committed in the officer=s presence or view.  Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 1977).  Probable cause for a warrantless
arrest exists when Aat the moment of arrest, the facts and circumstances within
the officer=s knowledge and of which the officer
had reasonably trustworthy information were sufficient to warrant a prudent
person in believing that the arrested person had committed or was committing an
offense.@ 
Hillsman v. State, 999 S.W.2d 157, 161 (Tex. App.--Houston [14th
Dist.] 1999, pet. ref=d).  We consider the totality of the circumstances
when determining 
whether the facts were sufficient to give the officer probable
cause to arrest.  Chilman,
22 S.W.3d at 56.








The offense of public intoxication
occurs when an individual (1) appears in a public place while intoxicated and
(2) is so intoxicated that he or she might endanger him or herself or
another.  Tex. Pen. Code Ann. ' 49.02(a) (Vernon 2003); Chilman, 22 S.W.3d at 56.  If an intoxicated person is in an officer=s presence and there is probable
cause for arrest for public intoxication, the officer may do so without a warrant.  Id. 
Here, Officer Cordova made personal observations that defendant
Velazquez was in a public street, appeared to have damaged his pickup in an
accident, smelled of alcohol, had slurred speech and bloodshot eyes, and could
stand only with difficulty.  Cordova,
certified to give field sobriety tests, administered three of these to
Velazquez, who did not pass them.  Based
on this, Officer Cordova reasonably formed the opinion that Velazquez was
intoxicated.  It is undisputed that
Velazquez was in a public place.

As to the second element of the
offense, we also find Officer Cordova had probable cause to believe that
Velazquez might endanger himself or another. 
An accident in which Velazquez was apparently involved had just occurred.  He could stand only with difficulty.  He failed three field sobriety tests. This
constituted probable cause to believe Velazquez might be a danger to himself or others.

Thus, we conclude Officer Cordova
possessed probable cause to arrest defendant Velazquez for public intoxication.  The trial court did not err in denying the
motion to suppress, and appellant=s sole issue on appeal is overruled.








Conclusion

The trial court=s order denying the motion to
suppress is affirmed.

 

SUSAN
LARSEN, Justice

 

December 23, 2003

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.

 

(Do Not Publish)

 











[1]Miranda v. Arizona, 384 U.S. 436, 86 S.Ct.
1602, 16 L.Ed.2d 694 (1966).