Criminal Case Template













COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




DAVID FRIAS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00020-CR


Appeal from the


171st District Court


of El Paso County, Texas


(TC# 20010D04590)


M E M O R A N D U M O P I N I O N



 This is an appeal from a conviction for the offense of possession of cocaine in an
amount less than one gram. Appellant pleaded guilty to the court and the court assessed
punishment at two (2) years' confinement, probated for a period of two (2) years and a fine
of $500. We affirm the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 At the hearing on Appellant's motion to suppress the evidence, Sergeant Armando
Aguilar of the El Paso Police Department, testified that on July 15, 2001 he was on patrol in
northeast area of El Paso, Texas. At about 2:40 a.m. he observed a vehicle that was parked
at the intersection of Hercules and Pandora Street. It was very dark and the vehicle was
parked on a public street next to a "mini-mall area." Sergeant Aguilar characterized the area
as being, generally, a high crime area, and he thought there might be a burglary occurring. 
There were no other vehicles about. While still in his patrol car, Sergeant Aguilar shined his
flashlight into the vehicle and he saw two individuals inside. Appellant was seated on the
front driver's side and he was bent over looking straight down using a flashlight. Apparently,
Appellant did not notice Sergeant Aguilar and he continued to look down. The officer stated
that he decided to check on Appellant's welfare. He also suspected that Appellant and his
passenger were engaged in illegal activity. The witness testified that the situation with the
two individuals in the car "caused him some alarm." 

 Sergeant Aguilar exited his patrol vehicle. He did not draw his weapon and he was
not fearful for his safety. Upon looking inside the vehicle, he saw that Appellant was holding
a lighter in his right hand and a flashlight in his left hand. Appellant extinguished the lighter
and turned off the flashlight when he saw the officer. Sergeant Aguilar then saw a spoon
with a white powdery substance on it lying in plain view in the car's center console. The
officer knew from his experience that the objects he saw were utilized to consume crack
cocaine. The witness stated that he did not need to put his head inside the vehicle to see the
spoon on the center console. 

 After seeing the spoon, Sergeant Aguilar suspected that the individuals in the vehicle
were engaged in illegal narcotics activity. When some backup officers arrived, the officer
instructed the two individuals to get out of the vehicle. He then looked inside the vehicle and
saw a box of baking soda and a small, clear, plastic baggie in plain view on the passenger
side floorboard. He was aware that these items were associated with the use of crack
cocaine. As he looked inside the vehicle, he saw only what he believed to be narcotic
residue. 

 Sergeant Aguilar then read the requisite warnings to Appellant. Appellant denied that
there were any drugs in the car; however, a subsequent search of the vehicle revealed a small,
yellowish discolored rock that appeared to be crack cocaine under the passenger side floor
mat. The court denied Appellant's motion to suppress the evidence. 

II. DISCUSSION


 In Appellant's sole issue, he asserts that the court erred in denying his motion to
suppress the evidence. In reviewing the trial court's decision on a motion to suppress, we
review the facts using an abuse of discretion standard. Chilman v. State, 22 S.W.3d 50, 54
(Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). We apply a de novo review to the
application of those facts to the law. Id. If the trial court's determination is correct on any
theory of law applicable to the case, we sustain the trial court's decision. Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990). 

 Specifically, Appellant contends that the investigating officer did not have reasonable
suspicion to conduct a warrantless search because the evidence failed to establish that the
location was a high crime area, that there was insufficient evidence to warrant a community
care taking approach, and there was no indication of criminal activity as the officer
approached the vehicle. 

 We find no cause to doubt the legality or constitutionality of Sergeant Aguilar's actions
in this case. "There is no legitimate expectation of privacy . . . shielding that portion of the
interior of an automobile which may be viewed from outside the vehicle by either inquisitive
passersby or diligent police officers." Texas v. Brown, 460 U.S. 730, 740, 103 S.Ct. 1535,
1542, 75 L.Ed.2d 502 (1983). Here, the officer simply approached Appellant's car as it sat
parked in a public place and looked in the driver's side window. No investigative stop
occurred, and Sergeant Aguilar did not detain Appellant until after he saw the activity
associated with crack cocaine usage. Accord Merideth v. State, 603 S.W.2d 872, 873 (Tex.
Crim. App. [Panel op.] 1980) (holding that no investigative stop occurred when officer
approached pickup parked in public lot, and that marijuana was lawfully obtained after the
officer knocked on the pickup's driver's side window, then smelled marijuana and saw a
hand-rolled cigarette in the ashtray when the driver opened door). Like any other citizen in
a public place, the officer was free to approach Appellant's vehicle and observe anything in
plain sight, including the lighter and flashlight in Appellant's hands. See Brown, 460 U.S. at
740, 103 S.Ct. at 1542 (noting that "there is no reason [the police officer] should be precluded
from observing as an officer what would be entirely visible to him as a private citizen."). 

 Regarding the subsequent search of the vehicle, the officer was certainly authorized
to arrest Appellant because he had committed an offense within the officer's view. See Tex.
Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977). After that, a police officer may conduct
a warrantless search of an automobile if he or she has probable cause to believe a crime has
been committed and there is contraband located somewhere inside the vehicle. State v.
Guzman, 959 S.W.2d 631, 634 (Tex. Crim. App. 1998); Hollis v. State, 971 S.W.2d 653, 655
(Tex. App.--Dallas 1998, pet. ref'd).

 In the present case, Sergeant Aguilar certainly observed Appellant involved in
narcotics related activity even before he was instructed to exit the vehicle. It was reasonable
for him to believe he would find contraband inside the car after he saw a residue-coated spoon
in plain view inside the vehicle. The additional observation of baking soda and a baggie
further strengthened the officer's belief that the vehicle contained contraband. Accordingly,
we find that the court did not err in overruling Appellant's motion to suppress the evidence. 
Issue No. One is overruled. 

 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial
court.

February 5, 2004



 RICHARD BARAJAS, Chief Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)