11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

William
Jeffery Wigington

Appellant

Vs.                   No. 11-04-00030-CR -- Appeal
from Midland County

State
of Texas

Appellee

 

After the trial court overruled his motion to
suppress evidence, William Jeffery Wigington made a plea agreement with the
State which was approved by the trial court and which preserved his right to
appeal the ruling on his motion to suppress evidence.  

Appellant waived his right to trial by jury and
entered a plea of guilty to the indictment which charged him with operating a
motor vehicle while intoxicated on August 5, 2003, after prior convictions of
operating a motor vehicle while intoxicated in 1987 and in 1993.  After discussing the agreement with appellant
and his lawyer in open court, the trial court found that appellant was guilty
of the felony offense of driving while intoxicated and assessed his punishment at
confinement for 10 years and a fine of $1,000. 
The trial court then suspended the period of confinement and placed
appellant on community supervision for a period of 5 years.[1]  We affirm.

                                                          Issue
Presented for Review

The issue is whether the trial court erred in
overruling appellant=s
motion to suppress evidence.  Appellant
argues in his brief that the police report shows that his vehicle was legally
parked on the shoulder of Interstate Highway 20 at 11:59 a.m. and that the
facts did not support the Acommunity
caretaking doctrine@
exception for warrantless arrests.

                                                                Background
Facts








During the hearing on the motion to suppress
evidence, the prosecuting attorney told the trial court that he and appellant=s attorney had agreed that the trial
court could review the videotape in this case and Abase
its decision on the trooper=s
report, the video, and the arguments of counsel.@  Appellant=s
attorney said that this was correct and that he and his client did not object
to the court viewing the videotape and the police report.  

The typewritten copy of the offense report shows
the date of the offense as A8-5-03@ and the time of the offense as A11:59 AM.@  (Emphasis added)  The date and time notations on the videotape
show that the trooper turned on his video machine at A23:55:29@ on A08-05-03@ and that the last time notation on the
videotape was at A00:05:44@ on A08-06-03.@ 
The videotape shows that it was dark, and it seems clear that the
interactions between the trooper and appellant started just before
midnight.  The videotape also shows that
appellant=s car was
parked on the shoulder which was adjacent to the two lanes of traffic on his
side of the interstate highway. 

The offense report reads in relevant part as
shown:

1. I was on patrol in Midland County on IH-20 near
mile post 147.  I was returning from
Stanton, TX after assisting Texas Rangers on a traffic stop.

 

2. Lieutenant Chris Cherry, with the Midland
Police Department, was in my patrol vehicle with me.

 

3. I was going back to Midland to drop Lt. Cherry
off at his vehicle when  I observed a
vehicle parked on the shoulder of IH-20 near mile post 147.

 

4. As I drove by the vehicle I observed that
the driver side door was open and that a male subject was leaned over talking
to the driver.

 

5. I turned around and pulled in behind the
vehicle, a silver 2004 Nissan TX l.p. T61-YGF, to see if the[y] were
having vehicle trouble.  As I walked up
to the vehicle it drove forward a few feet and came to a sudden stop.

 

6. I approached the driver side door and observed
two males in the vehicle.  I asked if
they were ok and they stated that they had a low tire that they were checking
on.  While speaking to them I could
smell a strong odor of an alcoholic beverage coming from within the vehicle.

 

7. I asked the driver, later identified by
TX driver license #09150295 as William Wigington, if he had been drinking
and he replied that both of them had. 
I then asked Mr. Wigington to step out of the vehicle.

 








8. Mr. Wigington sat in the vehicle and did not respond to my
request.  He sat in the car and talked to
the passenger so I as[k] him to put the car in park and step out.  The passenger stepped out after being told to
stay in the vehicle and was later arrested for public intoxication.

 

9. Mr. Wigington got out of his car as Lt. Cherry and I were
arresting the passenger.  I had him stay
at the rear of his car while I dealt with the passenger.

 

10. When I went back to speak to Mr. Wigington he asked if he
could make a plea to me.  He told me that
his job counted on all this. While I spoke to him I could smell a strong
odor of an alcoholic beverage coming from his breath as he spoke.  His speech was also very slurred as he spoke.  (Emphasis added)

 

The offense report which was prepared by Trooper
Phillip Breeding of the Texas Department of Public Safety also described the
Horizontal Gaze Nystagmus Test which he administered and shows that it was the
opinion of Trooper Breeding that appellant was intoxicated.  The report shows that appellant was placed
under arrest for driving while intoxicated. 
Appellant was handcuffed, and he stayed at the scene until the arrival
of a wrecker to impound his vehicle. 
Appellant was put in the front seat of the patrol unit after he almost
fell while standing.

                                          Community
Caretaking Doctrine

Appellant discusses the Acommunity
caretaking doctrine,@
citing Cady v. Dombrowski, 413 U.S. 433 (1973); Corbin v. State,
85 S.W.3d 272 (Tex.Cr.App.2002); and Wright v. State, 7 S.W.3d 148
(Tex.Cr.App.1999).  Appellant argues that
the facts of this case would not permit a law enforcement officer to stop and investigate
an individual who was not in need of assistance.  Appellant argues that his Avehicle was parked legally on the
shoulder of the roadway@
and that it was Aclear
from the Trooper=s report
it was daytime.@  However, the videotape clearly shows that the
incident began just before midnight and that appellant=s
vehicle was on the shoulder of an interstate highway.

The facts which were considered by the trial court
show that the trooper did not stop appellant=s
car.  The trooper pulled up behind the
car which was already stopped.  Then
appellant drove forward and stopped again. 
At that time, the trooper conducted his investigation.

                                                Opinion








We review a ruling on a motion to suppress
evidence with a bifurcated standard of review.  We give almost total deference to the trial
court=s express
or implied findings of historical facts. 
We review Ade novo@ the application of the law to those
facts.  See, e.g.,  State v. Ross, 32 S.W.3d 853, 856
(Tex.Cr.App.2000).  The law of search and
seizure[2]
involving police-civilian interactions can be divided into three
categories:  (1) encounters, (2)
temporary detentions, and (3) arrests. See Florida v. Royer, 460 U.S.
491, 497 (1983).  

In an encounter, police are not required to
possess any particular level of suspicion because there has been no intrusion
on the suspect=s
liberty.  See United States v.
Mendenhall, 446 U.S. 544, 555 (1980). 
An encounter becomes a detention if the police officer=s words or conduct would cause a
reasonable person to believe that he is not free to deny the officer=s requests or to believe that he is not
free to terminate the encounter.  See
State v. Velasquez, 994 S.W.2d 676, 679 (Tex.Cr.App. 1999).  

An investigative detention is permitted when it is
supported by reasonable suspicion. 
Citizen v. State, 39 S.W.3d 367, 370 (Tex.App. - Houston [1st  Dist] 2001, no pet=n).  Reasonable suspicion is evaluated in the
light of all the existing circumstances; and a temporary detention is justified
when the detaining officer has knowledge of specific, articulable facts, which
taken with rational infer-ences from those facts, lead him to conclude that the
detained person is, has been, or soon will be engaged in criminal
activity.  See Terry v. Ohio, 392
U.S. 1 (1968).

When Trooper Breeding pulled behind appellant=s car, the police-civilian interaction
fell into the first category, an encounter. 
When appellant started his car and moved away from the trooper=s patrol vehicle and then stopped
again, the officer had the right to make a temporary detention.  During that detention, the officer smelled
the alcohol; and appellant said that he and his passenger had been
drinking.  The officer then had probable
cause for the warrantless arrest. See Woods v. State, 956 S.W.2d 33, 38
(Tex.Cr.App.1997), where the court said:

We
hold that the reasonableness of a temporary detention must be examined in terms
of the totality of the circumstances and will be justified when the detaining
officer has specific articulable facts, which taken together with rational
inferences from those facts, lead him to conclude that the person detained
actually is, has been, or soon will be engaged in criminal activity.

 








Appellant=s
points of error are overruled.  The
historical facts support the trial court=s
implied finding that the trooper=s
first interaction with appellant was a permissible encounter while he was
checking on a vehicle which was parked close to the traffic lanes of an
interstate highway near midnight; that, after the vehicle drove forward a few
feet and came to a sudden stop, those facts would justify a temporary
investigative detention; and that, during that investigation, the trooper
smelled the strong odor of an alcoholic beverage and appellant said that he and
his passenger had been drinking.

The cases which have been cited by appellant in
support of his appeal are factually distinguishable.  See and compare Eichler v. State, 117
S.W.3d 897 (Tex.App. - Houston [14th Dist.] 2003, no pet=n);
Andrews v. State, 79 S.W.3d 649 (Tex.App. - Waco 2002, pet=n ref=d);
State v. Boyle, 807 A.2d 1234 (N.H. 2002); State v. Burgess, 657
A.2d 202 (Vt. 1995); Barrett v. Commonwealth of Virginia, 462 S.E.2d 109
(Va. 1995); see also and compare Wiede v. State, 157 S.W.3d 87 (Tex.App.
- Austin 2005, pet=n filed);
Chilman v. State, 22 S.W.3d 50 (Tex.App. - Houston [14th Dist.] 2000,
pet=n ref=d).  All three of appellant=s
points of error are overruled.

                                                    This Court=s Ruling

The judgment of the trial court is affirmed.

 

BOB DICKENSON

SENIOR JUSTICE

 

September 15, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, J., and

McCall,
J., and Dickenson, J.[3]











[1]The order of community supervision required appellant
to pay the fine and to serve 10 days in jail; it also provided that his driver=s license would be suspended for 365 days.





[2]See U.S.
CONST. amend. IV & TEX. CONST. art. 1, ' 9.





[3]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.