Affirmed and Memorandum Opinion filed April 26, 2007








Affirmed and Memorandum Opinion filed April 26, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00347-CR

____________

 

HOWARD LEE APPLON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1030870

 



 

M E M O R A N D U M    O P I N I O N








Appellant, Howard Lee Applon, appeals his felony conviction
of possession with intent to deliver a controlled substance, specifically,
cocaine weighing more than four grams and less than two hundred grams,
including adulterants and dilutants.  The jury found appellant guilty, and
punishment was enhanced by two prior felony convictions for possession of a
controlled substance.  The trial court sentenced appellant to 35 years= confinement in
the Texas Department of Criminal justice, Institutional Division.  In his sole
point of error, appellant contends the warrantless search of his residence and
his arrest violate the Fourth Amendment to the United States Constitution and
Article 1 Section 9 of the Texas Constitution and, therefore, the trial court
abused its discretion in denying his motion to suppress the cocaine and the
weapon.[1] 
We affirm.

Officer Lopez of the Houston Police Department (AHPD@) received
complaints of narcotics activity at a house in the Fifth Ward.  Lopez led a
group of HPD officers to investigate possible narcotics activity and any city
code violations.  A chain link fence surrounded the backyard of the house, but
did not block the view.  As he drove up, Lopez observed appellant and a woman
sitting at a table in the backyard.  Lopez watched as appellant noticed him
sitting in his patrol car.  Lopez saw appellant stand and place something
inside the barbeque pit, and then return to his seat.  Lopez sent Officers
Barrios and Donato to the front door in an attempt to contact the owner.  For
the officers= safety, Lopez told Officers Duron and Turrentine to
make contact with appellant and the woman in the back.  Lopez went to the front
of the house where Donato and Barrios were talking to Jeanette Brooks,
appellant=s aunt, and another woman who came out of the house. 
Lopez asked Brooks if she was the owner.  After she answered affirmatively,
Lopez asked her if there were any people, narcotics, or guns in the house.  She
said no.  








According to Lopez and Donato, when Lopez asked Brooks if
they could search the premises, she said yes.  Lopez went through the house
checking for additional people, and then walked out into the backyard.  Lopez
told Duron they had verbal consent to search, and to check the barbeque pit. 
As Duron approached the pit, appellant stood up and started acting very
nervous.  Duron drew his taser, pointed it at appellant, and told him to stand
still.  In the pit, Duron discovered a plate holding rocks of crack cocaine,
cocaine residue, and a razor blade.  Due to safety concerns, Lopez handcuffed
appellant.  When asked if there were any weapons in the house, appellant
responded he had a rifle in the closet of his bedroom.  Appellant=s bedroom had a
door that opened directly into the backyard.  The officers recovered the rifle
from his bedroom, a marijuana cigar from where appellant was sitting, and
$405.56 cash from his person.  Turrentine then obtained from Brooks a written
consent to search.  Appellant contends because there was no verbal consent to
search, all the evidence acquired during the search prior to the signing of the
consent form should be suppressed.

In reviewing a trial court=s ruling on a
motion to suppress, we use an abuse of discretion standard of review.  Oles
v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  There is an abuse of
discretion when the ruling is so clearly wrong as to be outside that zone
within which reasonable persons might disagree.  Cantu v. State, 842
S.W.2d 667, 682 (Tex. Crim. App. 1992).  We give almost total deference to the
trial court=s determination of historical facts that involve a
judge=s evaluation of
the credibility and demeanor of the witnesses who testify.  State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App.
2000). 
We afford the same
amount of deference to the trial court=s ruling on mixed questions of law
and fact, if resolving those ultimate questions turns on evaluating credibility
and demeanor.  Id.  We review de novo the trial court=s application of
law to facts in search and seizure cases.  Id. 

In his sole point of error, appellant claims relief under
the Fourth Amendment of the United States Constitution and Article I, Section 9
of the Texas Constitution.  An appellant claiming relief under both the federal
and state constitutions must Aanalyze, argue, or provide authority to
establish that his protection under the Texas Constitution exceeds or differs
from that provided to him by the Federal Constitution.@  Arnold v.
State, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993).  If the appellant does not
provide sufficient distinctions between the state and federal grounds, the
reviewing court need not address appellant=s state constitutional
argument.  Chilman v. State, 22 S.W.3d 50, 54 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  Here, appellant does not analyze,
argue, or provide authority to establish his protection under the Texas
Constitution exceeds or differs from the protection provided to him by the
United States Constitution.  Thus, we will not address appellant=s state
constitutional argument.








The Fourth Amendment generally prohibits the warrantless
entry of a person=s home, whether to make an arrest or to
search for specific objects.  Illinois v. Rodriguez, 497 U.S. 177, 181
(1990).  The Fourth Amendment also protects the curtilage of a person=s home from
unreasonable searches and seizures.  Oliver v. United States, 466 U.S.
170, 180 (1984).  The curtilage is the land immediately surrounding and
associated with the home.  Id.  Appellant argues, and the State accepts,
the backyard would fall within the curtilage.[2] 
However, the fact that an area is within the curtilage does not bar all police
observation.  California v. Ciraolo, 476 U.S. 207, 213 (1986).  The
Fourth Amendment has never been extended to require law enforcement officers to
shield their eyes when passing by on a public street, nor to preclude an
officer=s observations
from a public vantage point where he has a right to be.  Id.  Further,
the warrantless search prohibition does not apply to situations in which
voluntary consent has been obtained.  Rodriguez, 497 U.S. at 181.

Finally, a perfectly reasonable apprehension of danger may
arise long before the officer possesses adequate information to justify taking
a person into custody for the purpose of prosecuting him for a crime.  Terry
v. Ohio, 392 U.S. 1, 26B27 (1968).  Here, Lopez testified that
concern for the officers= safety prompted him to send Duron and
Turrentine to the back of the house to make contact with appellant and the
woman.  Lopez and Donato testified they received verbal consent from Brooks to
search the premises.  Duron and Turrentine testified they only discussed the
city code violations with appellant until Lopez entered the backyard and
announced they had verbal consent to search.  A written consent form signed by
Brooks approximately 45 minutes after the officers arrived at her house tends
to corroborate the testimony of the officers regarding her consent.  








The trier of fact is the sole judge of the credibility of
the witnesses and is free to believe or disbelieve all, part, or none of any
witness= testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  Thus, in reviewing a
trial court=s ruling on a motion to suppress, we give almost total
deference to the trial court=s determination of historical facts and
application‑of‑law‑to‑fact questions that turn on
credibility and demeanor.  Rodriguez v. State, 191 S.W.3d 428, 463 (Tex.
App.CCorpus Christi
2006, pet. ref=d).  It was not unreasonable for the trial court to
believe the officers received verbal consent to search prior to any discovery
of evidence.  Thus, the trial court did not abuse its discretion in denying
appellant=s motion to suppress.  Accordingly, we overrule
appellant=s sole point of error and affirm the judgment of the
trial court.

 

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered and
Memorandum Opinion filed April 26, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).    









[1]  U.S. Const.
amend. IV; Tex. Const. art. I, ' 9.





[2]  The factors to consider in determining whether an area
is considered curtilage include (1) the proximity of the area to the home, (2)
whether the area is included within an enclosure surrounding the home, (3) the
nature of the use to which the area is put, and (4) the steps taken to protect
the area from observation by a passerby.  United States v. Dunn, 480
U.S. 294, 301 (1987).