NUMBER 13-05-450-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DOROTHY LEE POLLARD, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law 

of Kleberg County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant, Dorothy Lee Pollard, was charged with the offense of driving while
intoxicated (DWI), a class B misdemeanor. See TEX. PENAL CODE ANN. § 49.04
(Vernon 2003). The trial court denied appellant's motion to suppress. Appellant was
tried before a jury and convicted. Reaching an agreement on punishment, appellant
was sentenced to 180 days in county jail and assessed a $500 fine and court costs. 
The sentence was suspended, and appellant was placed on community supervision for
18 months. By three points of error, appellant contends that the trial court erred in
denying her motion to suppress the intoxilyzer test results and DWI interview and that
the evidence was legally and factually insufficient to support the conviction. We
affirm.

I. Background

 After their automobile was hit by another automobile around 9:00 p.m.,
complainants, John and Candace Harmon, called the 911 dispatch. John reported that
a woman in her 30's or 40's, with light skin and bright lipstick, struck their vehicle
with the vehicle she was driving. He described the vehicle and further reported that
the woman fled the scene and, after parking down the road from the accident site,
entered a residence at that location. The Harmons followed the woman and parked
in front of that residence.

 Deputies Kuntscher and Ogle responded to the call. Deputy Kuntscher arrived
at the residence and located a vehicle with minimal damage, matching the description
of the car in question. Deputy Ogle knocked on the door of the residence. Appellant's
sister opened the door and told the deputies that appellant was the owner of the
vehicle. When appellant came to the door, Deputy Ogle informed her that her vehicle
had been involved in an accident. Appellant went outside to look at her vehicle, and
Deputy Ogle noticed that she was not maintaining her balance. Appellant told Deputy
Ogle that she had been driving the vehicle in question and had recently returned home
from a bar named the Silver Spur. Deputy Ogle then Mirandized appellant, see Miranda
v. Arizona, 384 U.S. 436, 467-73 (1964), and requested that she perform standard
field sobriety tests. Appellant performed poorly on these tests. Deputy Ogle placed
appellant under arrest and took her to the police station for an interview and an
intoxilyzer examination. During the interview, appellant admitted to consuming alcohol
at 6:00 p.m. and then driving the vehicle in question at 7:00 p.m. that evening. The
intoxilyzer results showed that appellant had a blood-alcohol level of 0.232 and 0.223
at 10:23 p.m. and 10:25 p.m., respectively. See Tex. Penal Code Ann. § 49.01
(Vernon 2003) (defining "intoxicated" as "not having the normal use of mental or
physical faculties by reason of the introduction of alcohol, . . . into the body," or
"having an alcohol concentration of 0.08 or more").

II. Motion to Suppress

 In appellant's first point of error, she contends that the trial court committed
reversible error in denying her motion to suppress, arguing that any evidence, including 
the intoxilyzer test results and the DWI interview obtained through the warrantless
arrest, was obtained in violation of the law.

A. Standard of Review and Applicable Law

 A trial court's ruling on a motion to suppress is reviewed under an abuse of
discretion standard. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999)
(citing Maddox v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985) (en banc)). 
Accordingly, we must sustain the trial court's ruling if it is reasonably supported by the
record and is correct on any theory of law applicable to the case. Rue v. State, 958
S.W.2d 915, 916 (Tex. App.-Houston [14th Dist.] 1997, no pet.) (citing Villarreal v.
State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996) (en banc)). However, when an
appeal on a motion to suppress raises a question of law based on undisputed facts,
we apply a de novo review. Oles, 993 S.W.2d at 106 (citing Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc)). Determinations of probable cause
are reviewed de novo. Guzman, 955 S.W.2d at 87.

 The Texas Code of Criminal Procedure stipulates that no evidence obtained by
an officer or any other person in violation of the provisions of the Constitution or laws
of Texas, or of the Constitution or laws of the United States, shall be admitted in
evidence against the accused in any criminal trial. TEX. CODE CRIM. PROC. ANN. art.
38.23 (Vernon 2005). Furthermore, the State bears the burden of proving that an
arrest was lawful in a motion to suppress. Lalande v. State, 676 S.W.2d 115, 116
(Tex. Crim. App. 1984) (en banc).

 In order for an arrest to be lawful, the Fourth Amendment to the United States
Constitution, as well as article I, section 9 of the Texas Constitution, require that it be
reasonable "under the totality of circumstances." Hulit v. State, 982 S.W.2d 431,
434-36 (Tex. Crim. App. 1998) (en banc). Within these constitutional limits, we must
also look to the statutes of the State to determine if a warrantless arrest is lawful. 
Lowery v. State, 499 S.W.2d 160, 164 (Tex. Crim. App. 1973). Warrantless arrests
are authorized by statute in this State under certain limited circumstances, which are
described in chapter 14 of the Texas Code of Criminal Procedure. Amores v. State,
816 S.W.2d 407, 413 (Tex. Crim. App. 1991) (en banc); Wilkins v. State, 960
S.W.2d 429, 431 (Tex. App.-Eastland 1998, pet ref'd). When an appellant questions
the lawfulness of a warrantless arrest under Texas statutes, the proper inquiry is (1)
whether there was probable cause with respect to that individual, and (2) whether the
arrest fell within one of the statutory exceptions. State v. Steelman, 93 S.W.3d 102,
106 n.5 (Tex. Crim. App. 2002). It is undisputed that article 14.01(b) is the
controlling provision in this case. See TEX. CODE CRIM. PROC. ANN. art. 14.01(b)
(Vernon 2005) (providing that "a peace officer may arrest an offender for any offense
committed in his presence or within his view").

 Probable cause for a warrantless arrest exists when "at the moment of
arrest, the facts and circumstances within the officer's knowledge and
of which the officer had reasonably trustworthy information were
sufficient to warrant a prudent person in believing that the arrested
person had committed or was committing an offense."


Chilman v. State, 22 S.W.3d 50, 56 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd)
(quoting Hillsman v. State, 999 S.W.2d 157, 161 (Tex. App.-Houston [14th Dist.]
1999, pet. ref'd) (citing Guzman, 955 S.W.2d at 90)). "As the reviewing court, we
consider the totality of the circumstances when determining whether the facts were
sufficient to give the officer probable cause to arrest the defendant." See id. (citing
Guzman, 955 S.W.2d at 87).

B. Analysis

 Appellant contends the arresting officer did not witness appellant commit any
offense--specifically, that the officer did not see appellant drive the car. Appellant
complains that her arrest for DWI violated chapter 14 of the Texas Code of Criminal
Procedure and was illegal. Texas Code of Criminal Procedure article 14.01(b) permits
an officer to arrest an individual for an offense committed in his presence or within his
view. Id. Appellant argues that because the officer did not witness appellant driving,
he had no probable cause to arrest her.

 The offense of DWI occurs when an individual (1) is intoxicated and (2) operates
a motor vehicle in a public place. Chilman, 22 S.W.3d at 56. Texas courts have
found probable cause to arrest despite the fact that an officer did not see the accused
operating a motor vehicle. Id. at 57 (finding probable cause to arrest for driving while
intoxicated where appellant demonstrated signs of being intoxicated and was seated
behind the wheel of an automobile). In this case, at the time of appellant's arrest, the
officer knew (1) witnesses had reported that their car was struck by another car; (2)
witnesses followed that car after the accident and reported that the driver of the car
entered a residence where the deputies later determined appellant lived; (3) the
description of the vehicle involved in the accident, including the license plate, matched
appellant's vehicle; (4) there was minimal damage to appellant's car; (5) the general
description of the driver given by the witnesses matched appellant; (6) appellant was
the owner of the car in question; (7) when appellant walked out of her residence, she
was not maintaining her balance well; (8) appellant admitted that she had been driving
the vehicle and had come from a bar named the Silver Spur; and (9) appellant
performed poorly on the field sobriety test. Considering the totality of the
circumstances known to the officer, we find that these facts were sufficient to give
the officer probable cause to arrest appellant. The trial court did not err in denying
appellant's motion to suppress. We overrule appellant's first point of error.

III. Sufficiency of Evidence

 By her second and third points of error, appellant contends that the evidence
presented at trial was legally and factually insufficient to prove her guilty beyond a
reasonable doubt. However, in accordance with rule 38.1(h) of the Texas Rules of
Appellate Procedure, we will only consider contentions that are supported by clear and
concise arguments with appropriate citations to authorities and the record. Tex. R.
App. P. 38.1(h); Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996). 
Appellant cites no authority supporting her sufficiency arguments. See Tufele v. State,
130 S.W.3d 267, 271 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd). Thus, these
issues are inadequately briefed, and appellant has waived error. We overrule
appellant's second and third points of error.

IV. Conclusion

 We affirm the trial court's judgment.

 

 NELDA V. RODRIGUEZ

 Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 31st day of August, 2007.