**Antwell Ladon HOLLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 05–96–01136–CR, 05–96–01137–CR.

Court of Appeals of Texas, Dallas.

April 24, 1998.

Terri Hamby, Richardson, for Appellant.

Sue Korioth, Assistant District Attorney, Karen R. Wise, Asst. District Attorney, Dallas, for Appellee.

Before LAGARDE, KINKEADE and MORRIS, JJ.

## OPINION

LAGARDE, Justice.

In 1993, after appellant pleaded guilty to aggravated robbery, the trial court deferred adjudication of his guilt and placed him on community supervision for ten years. In 1995, Lancaster police officer Norman Hammel arrested appellant for possession of cocaine found inside appellant's car. Based on the new charge, the State filed a motion to proceed with an adjudication of guilt on the aggravated robbery charge. The trial court set the hearing on the State's motion to adjudicate in the aggravated robbery case and the trial in the cocaine possession case for the same day.

In the cocaine possession case, appellant filed a pretrial motion to suppress evidence seized without a warrant. After the trial court denied appellant's motion, appellant pleaded guilty to cocaine possession and true to the motion to proceed with an adjudication of guilt in the aggravated robbery case. The trial court (1) convicted appellant of possession of cocaine and assessed punishment at five years' confinement and a $500 fine and (2) adjudicated appellant guilty of aggravated robbery and assessed punishment at five years' confinement.

On appeal, appellant seeks reversal of both judgments on the ground that the trial court erred in overruling his motion to suppress. Because, under the circumstances of this case, no appeal may be taken from an adjudication of guilt, we dismiss the aggravated robbery appeal for want of jurisdiction. Because a warrantless search of an automobile may be conducted where there is probable cause to believe that there is contraband located somewhere inside the vehicle, we affirm appellant's conviction for possession of cocaine.

## AGGRAVATED ROBBERY (CAUSE NO. 05–96–01136–CR)

■ The State submits that appellant cannot appeal the aggravated robbery conviction because no appeal can be taken from the adjudication of guilt. We agree. Appellant's claim that the evidence in the cocaine possession case should have been suppressed is, in essence, a claim that the trial court should not have adjudicated his guilt. Article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides:

> On violation of a condition of community supervision imposed under . . . this section, the defendant may be arrested and detained as provided in section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination* . . . .

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1998) (emphasis added); *see also Olowosuko v. State,* 826 S.W.2d 940, 942 (Tex.Crim.App.1992). Because no appeal may be taken from the trial court's adjudication of guilt, we dismiss cause no. 05–96–01136–CR for want of jurisdiction.

POSSESSION OF COCAINE (CAUSE
NO. 05–96–01137–CR)

### A. Factual Background

While on patrol, Officer Hammel observed an unoccupied 1976 Buick with its door open and engine running in the middle of an apartment-complex driveway. Believing the vehicle was stolen, Officer Hammel pulled into the parking lot to investigate. He saw appellant at the corner of one of the apartments. When appellant noticed Officer Hammel, he went around to the other side of the apartment complex. Officer Hammel called another officer in the area and told him of appellant's direction of travel. The other officer arrived at the scene, shined a spotlight in appellant's direction, and appellant circled back to Officer Hammel's location.

When Officer Hammel asked appellant what he was doing, appellant replied he went around to the other side of the complex to urinate outside of the officer's view. Officer Hammel noted that appellant had been drinking and appeared nervous. Appellant acknowledged that he owned the 1976 Buick. Officer Hammel looked in the front seat and saw two bottles of beer in plain view. One bottle was open and the other was not. Appellant acknowledged that the beer was his. Officer Hammel requested identification from appellant and learned appellant was eighteen years old. After deciding to place appellant under arrest for being a minor in possession of alcohol, Officer Hammel returned to appellant's car to retrieve the beer and noticed a Crown Royal bag sticking out from underneath a jacket on the passenger side of the front seat. Officer Hammel picked up the bag to see if it contained a bottle of liquor. As Officer Hammel handled the bag, without looking inside it, he realized it did not contain a bottle but instead contained what felt like plastic packets. From his experience, Officer Hammel knew that contraband was often carried inside Crown Royal bags. Officer Hammel opened the bag, found plastic packets filled with what he believed to be cocaine, and arrested appellant for possession of cocaine.

### B. Motion to Suppress

■ Appellant filed a motion to suppress evidence of the cocaine, contending that Officer Hammel's warrantless search of appellant's vehicle violated the United States and Texas Constitutions because it (1) was not a lawful inventory search and (2) went beyond the allowable scope of a search incident to arrest or detention. Pretrial, the trial court found that the search was incidental to an inventory of the vehicle and denied the motion to suppress. Although the trial court articulated the grounds on which it was denying appellant's motion, this Court must uphold the trial court's ruling if it is right for any reason. *Powell v. State*, 898 S.W.2d 821, 827 (Tex.Crim.App.1994). The State argues that the search was authorized (1) by the "automobile exception," (2) as a search incident to arrest, and (3) as an inventory search pursuant to departmental policy. We conclude the search was lawful under the automobile exception. Therefore, we need not address whether there are additional grounds to uphold the trial court's ruling. *See* TEX.R.APP. P. 47.

### C. Automobile Exception

■ Under both the United States and Texas Constitutions, a police officer may conduct a warrantless search of an automobile if he has probable cause to believe a crime has been committed and there is contraband located somewhere inside the vehicle. *See Carroll v. United States*, 267 U.S. 132, 158–59, 45 S.Ct. 280, 287, 69 L.Ed. 543 (1925); *Powell*, 898 S.W.2d at 827–28; *Morgan v. State*, 906 S.W.2d 620, 629 (Tex.App.—Fort Worth 1995, pet. ref'd). The automobile exception does not require the existence of exigent circumstances in addition to probable cause. *See Michigan v. Thomas*, 458 U.S. 259, 261–62, 102 S.Ct. 3079, 3080–81, 73 L.Ed.2d 750 (1982); *State v. Guzman*, 959 S.W.2d 631, 634 (Tex.Crim.App.1998). The justifications for this exception are that vehicles are readily mobile and the expectation of privacy with respect to an automobile is relatively low. *Aitch v. State*, 879 S.W.2d 167, 173 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). In determining probable cause, courts must consider the totality of the cir-

cumstances. *Angulo v. State,* 727 S.W.2d 276, 278 (Tex.Crim.App.1987). Probable cause exists when the facts and circumstances within the officer's knowledge and about which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that a crime has been committed. *Amores v. State,* 816 S.W.2d 407, 413 (Tex. Crim.App.1991). The sum of the information known to cooperating officers at the time of a search is to be considered in determining whether there was sufficient probable cause. *Turcio v. State,* 791 S.W.2d 188, 191 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd).

■ The evidence in this case that showed Officer Hammel had probable cause to believe a crime had been committed and appellant's vehicle contained contraband includes the following: (1) appellant appeared to have been drinking; (2) Officer Hammel saw beer bottles in plain view inside the car; (3) appellant was the sole occupant of the car and acknowledged ownership of the car and beer; (4) appellant's driver's license revealed that appellant was eighteen and therefore a minor in possession of alcohol; (5) the Crown Royal bag was in plain view on the passenger seat; (6) Officer Hammel handled the Crown Royal bag and felt plastic packets inside the bag; (7) Officer Hammel in his experience knew that suspects often carried contraband in Crown Royal bags.

Based on the totality of circumstances, we conclude that Officer Hammel had probable cause to believe a crime had been committed and that there was contraband in the vehicle inside the Crown Royal bag. Because Officer Hammel was constitutionally justified in searching the vehicle and the bag contained therein without a warrant based on the automobile exception, we overrule appellant's points of error and affirm the trial court's judgment in cause no. 05–96–01137–CR.