Nos. 04-98-00104-CR & 04-98-00105-CR



Antoin Demetrius WATSON,


Appellant



v.



The STATE of Texas,


Appellee



From the 338th Judicial District Court, Harris County, Texas


Trial Court Nos. 764,406 & 751,355


Honorable Mary Bacon, Judge Presiding



Per Curiam


Sitting: Tom Rickhoff, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: May 19, 1999


AFFIRMED


 Pursuant to a plea bargain, Antoin Watson was serving deferred adjudication for 
burglary of a habitation. When the State alleged Watson committed a second burglary, the
trial court adjudicated Watson's guilt and sentenced him to fifteen years confinement. 
Watson then pled guilty to the second burglary charge and, pursuant to a plea bargain, was
sentenced to fifteen years confinement to run concurrently with the first offense. Because
the issues in this appeal involve the application of well-settled principles of law, we affirm
the trial court's judgment in this memorandum opinion. See Tex. R. App. P. 47.1.(1)

 A defendant who receives deferred adjudication may not appeal the trial court's
decision to adjudicate. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 1999).
We therefore lack jurisdiction over Watson's first three points of error. See Phynes v. State,
828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (regarding lack of counsel); Elizondo v. State, 861
S.W.2d 294, 296 (Tex. App.--San Antonio 1993, no pet.) (regarding ineffective counsel);
Hollis v. State, 971 S.W.2d 653, 654 (Tex. App.--Dallas 1998, pet. ref'd) (regarding
suppression issue).(2) Although we have jurisdiction over Watson's fourth complaint about
the trial court's failure to hold a separate sentencing hearing, Watson waived error by failing
to object or move for a new trial on this basis. Faerman v. State, 966 S.W.2d 843, 846 (Tex.
App.--Houston [14th Dist.] 1998, no pet.). In his final point of error, Watson contends his
second plea was involuntary. Without a record from the plea hearing, Watson cannot
overcome the heavy burden that his plea was voluntary. See Anderson v. State, 930 S.W.2d
179, 182 (Tex. App.--Fort Worth 1996, pet. ref'd).

 We dismiss the first three points of error for lack of jurisdiction and overrule the
remaining points of error. Accordingly, we affirm the trial court's judgment.

 PER CURIAM

DO NOT PUBLISH


1. This case was transferred from the Fourteenth Court of Appeals. See Tex. Gov't Code Ann. § 73.001 (Vernon
1998). The applicable law is the same in both jurisdictions.
2. To the extent these points of error challenge pretrial rulings, they also run afoul of the jurisdictional limits of
Tex. R. App. P. 25.2(b)(3). See Johnson v. State, 978 S.W.2d 744, 746 (Tex. App.--Eastland 1998, no pet.).