Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



GILBERT VASQUEZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00472-CR

Appeal from the

409th District Court

of El Paso County, Texas

(TC# 980D08610)




O P I N I O N

           This is an appeal from an adjudication of guilt proceeding. The court adjudicated
Appellant guilty for two counts of the offense of aggravated robbery and assessed
punishment at forty years’ imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           Appellant pleaded guilty to two counts of aggravated robbery and he was placed on
ten years’ deferred adjudication community supervision. Appellant’s probation terms were
modified several times and a motion to adjudicate was filed which resulted in Appellant’s
incarceration for thirty days. The motion to adjudicate was dismissed. On October 2, 2003,
a hearing was held on the State’s second motion to adjudicate guilt and the court adjudicated
Appellant guilty of both counts of aggravated robbery with an affirmative finding of use of
a deadly weapon; Appellant was sentenced to forty years’ imprisonment.
           At the hearing on the State’s motion to adjudicate guilt, Officer Fernando Ontiveros
of the El Paso Police Department testified that on June 16, 2002, he was dispatched to
investigate suspicious activity. He encountered Appellant and two other individuals. Officer
Ontiveros stated that while he was speaking to Appellant, he was mumbling and he had a
white object in his mouth. Appellant did not respond to several inquiries concerning what
he had in his mouth. After further investigation, Appellant spit out a quantity of cocaine in
ten baggies. When the State moved to introduce the cocaine into evidence, Appellant
objected on the ground that the State had failed to prove up a chain of evidence and had not
authenticated the baggies. The court overruled the objection and admitted the evidence.
           After the court found the State’s allegations in its motion to adjudicated guilt true, it
adjudicated Appellant guilty and proceeded to the punishment stage. The evidence at this
stage of the proceedings revealed that Appellant had a prior conviction for assault and had
been adjudicated guilty as a juvenile for aggravated robbery with a firearm. He had tested
positive for cocaine use twice during his probation.
           Appellant testified on his own behalf during the punishment hearing. He admitted to
having cocaine in his mouth when confronted by Officer Ontiveros but he asserted that it did
not belong to him. He requested that the court assess a six-year term of imprisonment.
II. DISCUSSION
           In Issue No. One, Appellant maintains that the court erred in relying on illegally
seized evidence to support the imposition of a sentence of forty years. Specifically,
Appellant contends that the court should have granted his motion to suppress and that the
court used the illegally seized evidence to assess his sentence.
           A defendant placed on deferred adjudication community supervision cannot appeal
the court’s decision to adjudicate guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2004-05). The reviewing court lacks jurisdiction to entertain the appeal even
if claims are asserted alleging violation of fundamental constitutional rights. Phynes v. State,
828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Appellant’s claim concerning the seizure of the
cocaine is a matter pertaining to adjudication of guilt, therefore we lack jurisdiction to
address Appellant’s contention. See Hollis v. State, 971 S.W.2d 653, 654 (Tex. App.--Dallas
1998, pet. ref’d). Issue No. One is dismissed for want of jurisdiction.
           In Issue No. Two, Appellant contends that the State’s statutory system as applied to
him resulted in a violation of the Eighth Amendment in that no objective criteria were utlized
in assessing punishment. The State contends that Appellant has failed to preserve this issue
for review. We agree. Appellant did not object to the sentence based on Eighth Amendment
grounds. Failure to do so results in waiver of the issue on appeal. See Steadman v. State, 31
S.W.3d 738, 742 (Tex. App.--Houston [1st Dist.] 2000, pet. ref’d). Accordingly, Appellant
has waived his issue on appeal.
           Even if Appellant had preserved error, the sentence was neither cruel nor unusual. 
Texas courts repeatedly have held that a punishment within the statutory guidelines is not
excessive, and United States Supreme Court precedent supports this proposition. See
Rummel v. Estelle, 445 U.S. 263, 284-85, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (holding
that the line dividing petty from felony larceny and the appropriate punishment under
recidivist statute were both largely within the discretion of the state legislature); Jordan v.
State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973) (declining to find a punishment for
robbery with a firearm unconstitutional when it was within the statutory range); Darden v.
State, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968) (holding that if punishment is within the
statutorily prescribed range, it is beyond the province of the court to pass upon the question
of excessive punishment); Young v. State, 644 S.W.2d 18, 22 (Tex. App.--Houston [14th
Dist.] 1982, pet. ref’d) (holding that a sentence of twenty-five years for assisting in an
aggravated robbery was well within statutory boundaries and therefore constitutional). The
permissible range of confinement for aggravated robbery with a deadly weapon is five to
ninety-nine years or life. Tex. Penal Code Ann. §§ 12.32, 29.03(b) (Vernon 2003). The
sentence imposed by the trial court was within the statutory range, and therefore not
unconstitutionally cruel and unusual. Furthermore, it was revealed at the punishment hearing
that Appellant had prior convictions and he had conducted himself poorly while on
probation. The court clearly took these matters into consideration while assessing
punishment and we will not disturb that assessment on appeal. Issue No. Two is overruled.
           In Issue Nos. Three and Four, Appellant argues that the sentence imposed was not
supported by the evidence and the sentence imposed was disproportionate to the crime
committed. With regard to the first contention, we note that a reviewing court will not
conduct a factual sufficiency review of the evidence supporting a court’s sentencing as it
revolves around an abuse of discretion standard. See Bradfield v. State, 42 S.W.3d 350, 352
(Tex. App.--Eastland 2001, pet. ref’d).
           Furthermore, with regard to Appellant’s claim that the sentence was disproportionate
to the sentence assessed, again, as a prerequisite to presenting a complaint for appellate
review, however, the record must show that the complaint was made to the trial court by
timely request, objection, or motion stating the grounds for the ruling the complaining party
desired with sufficient specificity to make the trial court aware of the complaint. See Tex.
R. App. P. 33.1(a); see also Solis v. State, 945 S.W.2d 300, 301 (Tex. App.--Houston [1st
Dist.] 1997, pet. ref’d). Moreover, without proper preservation, even constitutional error
may be waived. See Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (holding
that the constitutional right to be free from cruel and unusual punishment may be waived);
Solis, 945 S.W.2d at 301. Here, the record does not indicate defendant presented this specific
complaint to the trial court. Accordingly, we find that Appellant has failed to preserve this
issue for review. Issue Nos. Three and Four are overruled in their entirety.
 

           Having dismissed Issue No. One for want of jurisdiction, and further having overruled
each of Appellant’s remaining issues on review, we affirm the judgment of the trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
August 25, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)