Criminal Case Template








COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JOSEPH FINERON,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00301-CR

Appeal from the

41st District Court

of El Paso County, Texas

(TC# 20040D02829)




O P I N I O N

           This is an appeal from a jury conviction for theft aggregated to an amount greater than 
$1,500 or more but less than $20,000. The court assessed punishment at fifteen years’
imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We
affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           At the hearing on Appellant’s motion to suppress the evidence, the testimony revealed
that on September 17, 2001, members of the El Paso Police Department Repeat Offenders
Program (ROP) were assigned to conduct surveillance on Appellant. Officer Fernando
Carrasco testified that on that day, he picked up the surveillance of Appellant at an apartment
occupied by his cousin, Christina Cox. Upon leaving the apartment, Appellant, driving an
older model Dodge van, headed east to a house on Cabot Street which was near a city park. 
He took a bucket out of his van and gave it and some tools to an individual identified as
Domingo Rodriguez. Appellant then went to a nearby grocery store. Officer Carrasco
testified that the surveillance of Appellant continued while he was visiting with the owner
of the grocery store. While at the grocery store, Appellant was seen removing a television
set from the back of his van and he gave it to the store owner. Appellant then got back into
his van and left.
           Officer Carrasco testified that he and his partner entered the store and met with the
store owner about the delivered property. The owner gave consent to have the property
checked by the officers. Examination of a television and a weed eater revealed that they had
“City of El Paso” property tags. Knowing that there had been various burglaries of vehicles
from a city lot located behind Appellant’s cousin’s house, Officer Carrasco suspected that
Appellant may have been involved in these burglaries. Officer Carrasco recovered the
property from the store owner and took the property to the Pebble Hills Command Center
where the property was identified. Officer Carrasco further testified that a felony arrest
warrant for theft was prepared naming Appellant as the individual who had taken the
property from the vehicles in the city lot.
           The investigation then shifted to Appellant’s cousin Christina Cox’s apartment on
Bellrose Street where they had initially seen Appellant. They informed Cox that they had a
warrant for Appellant and she allowed them to enter the residence. Appellant was at the
apartment and he was informed of the warrant and he was advised of his rights. Cox was
told why Appellant was being arrested; she gave them permission to search the apartment. 
The police took a television and some other property to determine if it was stolen. It was
later returned to Cox.
           Officer Carrasco testified that Appellant gave the officers permission to search his
van. The officers found some tools in the van. The van and its contents were impounded. 
After stopping at the Cabot Street address, Appellant was taken to the police station. 
Appellant was given something to drink and he was allowed to smoke cigarettes. Appellant
was advised of his rights by reading the Miranda card to him. Appellant stated that he did
not have his glasses, so Officer Carrasco read the warning to him and then had him initial the
card and write the time down. Appellant related how he committed the offense, and Officer
Carrasco typed the statement. The officer read the statement to Appellant as he stated he did
not have his glasses.
           The sequence of events during the day was that the surveillance started at about eight
in the morning. After following Appellant about and obtaining the arrest warrant, Appellant
was arrested at approximately 4 p.m. They started interviewing about 6:02 p.m. which was
the time stated on the Miranda card. The written confession was started at 9:50 p.m., and
it was finished at 10:48 p.m. Another officer, Officer Arias, came in and out of the interview
room although he did not participate in the taking of the statement. Upon completion of the
statement, it was printed and Officer Carrasco read it to Appellant. Appellant was advised
he could make any changes he desired and Appellant signed the statement and he initialed
every paragraph. Officer Arias witnessed Appellant sign the statement.
           Officer Carrasco testified that Appellant did not invoke any of his rights and he never
asked for a lawyer or requested the termination of the interview. He never asked to speak
to members of his family. The officer stated that Appellant was not threatened or promised
anything in order to obtain his confession. Officer Carrasco testified that the interview was
not continuous but was broken up by casual conversation and food, drink, and cigarette
breaks.
           Christine Cox testified on behalf of Appellant at the hearing. She related when the
officers came to her apartment, they entered without permission. They did not announce why
they were there. She related that items in her apartment were taken without her permission,
and those items were not returned for several weeks; albeit, after the incident, she knew the
police wanted to talk to her, but she was unable to give them a statement due to her personal
situation.
           Appellant stated that he did not give the police officers permission to search his van,
and that they searched the van prior to his arrival outside the apartment and without his
permission. The officers threatened to take him to Domingo Rodriguez’s house to show
them all the items he had taken. When he refused to get out of the car at that house, one of
the officers slammed his head against the backseat several times and threatened him with
further abuse by another large, burly officer if he did not cooperate. Appellant testified that
the officers threatened to search his aunt’s property, and they would take any property they
suspected was stolen.
           Appellant related that he was handcuffed from the onset of his arrest. He stated that
he was transported to the Pebble Hills police station. He was put in a cage and handcuffed
to a bar for approximately two hours. Detective Carrasco said he was going to make it hard
on Appellant’s family. Appellant was then transported to the police station at Montana and
Piedras Streets. He was handcuffed to a chair during the course of the interview.
           Appellant testified that he was not advised of his rights until 10 o’clock in the evening
after this arrest. He denied that he was given the Miranda warnings. Instead, Officer
Carrasco just gave him a card and told him to initial it and put the time on it. Prior to taking
him to the justice of the peace, Officer Carrasco told him to put the time on the card and sign
the paperwork. Appellant asserted he had never read his confession until his lawyer showed
him a copy of it. Further, Appellant testified that he asked for an attorney and he asked to
speak to his family repeatedly throughout the interview and his requests were ignored. 
Appellant stated that he asked to speak to an attorney about three or four times. Further, he
was told he was confessing to misdemeanor theft.
                                                        II. DISCUSSION
           In Issue No. One, Appellant contends that the court erred in denying his motion to
suppress the confession because it was not given voluntarily. The standard of review
regarding the voluntariness of a confession is a deferential review of the trial court’s
determination of the historical facts and a de novo review of the law’s application to those
facts. Henderson v. State, 962 S.W.2d 544, 564 (Tex. Crim. App. 1997). As the question
of voluntariness in most cases, as in this one, will rely upon the factual determinations made
by the trial judge after hearing and judging the credibility of the testifying witnesses, the
standard of review applied will be one of abuse of discretion. Franks v. State, 90 S.W.3d
771, 784 (Tex. App.--Fort Worth 2002, no pet.). A court abuses its discretion when it acts
without reference to any guiding rules or principles, or by acting arbitrarily or unreasonably. 
Galliford v. State, 101 S.W.3d 600, 604 (Tex. App.--Houston [1st Dist.] 2003, pet. ref’d). 
The trial court is the exclusive finder of fact in a motion to suppress hearing, and as such, it
may choose to believe or disbelieve any or all of any witness’s testimony. Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990).
           A statement is involuntary if the record reflects “official, coercive conduct of such a
nature that any statement obtained thereby was unlikely to have been the product of an
essentially free and unconstrained choice by its maker.” Alvarado v. State, 912 S.W.2d 199,
211 (Tex. Crim. App. 1995). Voluntariness of a confession is decided by considering the
totality of circumstances under which the statement was obtained. Creager v. State, 952
S.W.2d 852, 855 (Tex. Crim. App. 1997); Penry v. State, 903 S.W.2d 715, 744 (Tex. Crim.
App. 1995).
           Appellant contends that under the totality of the circumstances, his confession was
involuntary because he was in custody for nearly seven hours between his arrest and his
signing of the confession. Appellant also asserts that he was handcuffed during this time and
the officers intimidated him by indicating they would inform Domingo Rodriguez that
Appellant had “snitched” on him. He was threatened with physical abuse by the burly police
officer and he was physically assaulted. He was further threatened with retribution upon
various family members. Due to the lack of his eyeglasses, Appellant could not read his
confession and his request to speak to a lawyer was refused. He was told he was admitting
to misdemeanor theft.
           In its findings of fact and conclusions of law, the trial court found that Appellant’s
confession was voluntary in that he was properly warned, the interrogation period was not 
unreasonably long and breaks were provided, and Appellant did not request an attorney or
request to see members of his family. Further, he was not intimidated or coerced to make the
confession.
           Regarding the length of the interrogation, there is evidence in the record to support
the court’s finding that it was not unreasonably long. The length of the interrogation is one
factor to be considered in determining whether a suspect’s statement is coerced. See
Guardiola v. State, 20 S.W.3d 216, 223-24 (Tex. App.--Houston [14th Dist.] 2000, pet. ref’d)
(stating that length of detention is relevant to determination of coercion). Here, it is not
contested that Appellant was in police custody for about seven hours while his confession
was obtained. However, a lengthy interrogation does not automatically render a statement
involuntary. See Smith v. State, 779 S.W.2d 417, 429 (Tex. Crim. App. 1989) (holding that
eight hours of questioning without food did not render confession involuntary in light of
defendant’s willingness to continue). In this case, Appellant was given water, was allowed
breaks, was offered food, and was offered cigarettes. After Officer Carrasco completed
typing the statement, he read it to Appellant and Appellant was allowed to make any
necessary corrections. It was within the province of the court to believe that Appellant’s will
was not overborne due to the length of his interrogation.
           The evidence regarding Appellant’s complaints that he was physically abused and that
the officers failed to terminate the interview after he asked for an attorney was controverted
by Officer Carrasco’s testimony. We must therefore defer to the trial court’s fact findings
relating to these complaints. See Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim.
App. 2000). The complaint regarding Appellant’s inability to read the statement due to the
lack of his glasses is contravened by Officer Carrasco’s testimony that the confession and
warning card were read to him. Also, the court was entitled to disbelieve the contention that
Appellant was told he was admitting to misdemeanor theft even if that contention was not
directly controverted. See Masterson v. State, 155 S.W.3d 167, 170 (Tex. Crim. App. 2005),
cert. denied, 126 S.Ct. 1330, 164 L.Ed.2d 47 (2006).
           We find that the court did not abuse its discretion in denying Appellant’s motion to
suppress due to involuntariness. Issue No. One is overruled.
           In Issue No. Two, Appellant asserts that the court erred in denying Appellant’s motion
to suppress his confession because it was taken in violation of his Fifth Amendment right to
counsel. Appellant testified that he invoked his right to counsel during his written
confession, but was denied access to counsel. This testimony was disputed by Officer
Carrasco. Appellant’s testimony is the only evidence that he invoked his right to counsel. 
In its findings of fact, the trial court found Appellant’s testimony lacked credibility. As
stated, because these are findings of fact, we must respect the trial court’s factual conclusions
in the absence of a showing of an abuse of discretion. See Carmouche, 10 S.W.3d at 327-28. 
Accordingly, Issue No. Two is overruled.
           In Issue No. Three, Appellant argues that the court erred in denying his motion to
suppress the evidence because the police searched his van without his consent. As stated,
the surveillance officers determined that Appellant had off-loaded items from his van and
that property belonged to the City of El Paso. Officer Carrasco testified that Appellant gave
permission to search his van. The van and its contents were impounded.
           On the other hand, Appellant testified that he was placed in the backseat of a police
car at his cousin’s house after his arrest. Officer Carrasco asked Appellant to sign a written
consent form to search the van. Appellant refused to sign the form. He testified that the
police officers had already started to search the van and some of the items from the van were
on the pavement. In its findings of fact and conclusions of law, the court found that,
“Officers searched defendant’s van after they had observed defendant removing property
from the van that they determined was stolen from the City of El Paso.” The court made no
finding regarding Appellant consenting to the search of the van.
           We take the court’s finding of fact to indicate that the court found that the officers had
probable cause to search the van based upon the illicit activity observed by the surveillance
officers. Under both state and federal law, a police officer may conduct a warrantless search
of an automobile, if he or she has probable cause to believe a crime has been committed and
there is contraband located somewhere inside the vehicle. Carroll v. United States, 267 U.S.
132, 158-59, 45 S.Ct. 280, 287 (1925); Hollis v. State, 971 S.W.2d 653, 655 (Tex. App.--Dallas 1998, pet. ref’d). The automobile exception does not require the existence of exigent
circumstances in addition to probable cause. The justifications for this exception are that
vehicles are inherently mobile and the expectation of privacy with respect to an automobile
is relatively low. Hollis, 971 S.W.2d at 655. In determining probable cause, courts must
consider the totality of the circumstances. Id. Probable cause exists when the facts and
circumstances within the officer’s knowledge and about which he or she has reasonably
trustworthy information are sufficient in themselves to warrant a person of reasonable
caution to believe that a crime has been committed. Id. at 656. The sum of the information
known to the cooperating officers at the time of a search is to be considered in determining
whether there was sufficient probable cause. Id.
           In this case, the police officers had viewed Appellant dropping off stolen property
from the inside of his van. An impounded vehicle may be searched without a warrant if there
is probable cause; stolen property may be seized and impounded for the true owner. Gandy
v. State, 835 S.W.2d 238, 243 (Tex. App.--Houston [1st Dist.] 1992, pet. ref’d). Because the
subsequent search was therefore based on probable cause, the trial court did not abuse its
discretion in admitting the evidence found. Issue No. Three is overruled.
           In Issue No. Four, Appellant asserts that the court erred in refusing to instruct the jury
to disregard his confession if the jury should find that it was involuntarily made. At trial,
Appellant requested that the court instruct the jury in its charge that if Appellant was
compelled to make his statement by Officer Carrasco, or if they had a reasonable doubt
thereof, they should completely disregard the statement as evidence for any purpose. The
court denied the request.
           Article 38.23(a) of the Texas Code of Criminal Procedure provides that no evidence
obtained by an officer in violation of any law of the State of Texas shall be admitted into
evidence against the accused in the trial of a criminal case. Tex. Code Crim. Proc. Ann.
art. 38.23(a) (Vernon 2005); Mendoza v. State, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002). 
In any case in which the evidence raises an issue regarding whether evidence was obtained
in violation of the laws of Texas, the jury shall be instructed that if it believes, or has a
reasonable doubt, that the evidence was obtained in violation thereof, then the jury shall
disregard any such evidence. Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005);
Mendoza, 88 S.W.3d at 239.
           The terms of article 38.23 are mandatory, and when an issue of fact is raised as to
compulsion or persuasion in obtaining a confession, a defendant has a statutory right to have
the jury charged accordingly. The only question is whether under the facts of a particular
case, defendant raised the issue by the evidence, thus requiring the jury instruction. Stone
v. State, 703 S.W.2d 652, 655 (Tex. Crim. App. 1986); Jordan v. State, 562 S.W.2d 472, 473
(Tex. Crim. App. 1978); Patterson v. State, 847 S.W.2d 349, 352 (Tex. App.--El Paso 1993,
pet. ref’d). There must be a factual dispute as to how the evidence was obtained. Balentine
v. State, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002). Also, allegations of coercive police
conduct raised at trial must be causally related to the confession in order to constitute a
violation of due process. Alvarado v. State, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995).           Appellant points to the testimony of Officer Carrasco and Christine Cox at trial
regarding the fact that the property taken from her apartment was not stolen. We fail to see
how this evidence is causally connected to Appellant’s confession. Furthermore, when an
accused has created conditions which place an innocent relative under suspicion, and he
desires to extricate the relative from this position by making a confession and the confession
is self-motivated, it may be deemed voluntary and admissible in evidence. See Roberts v.
State, 545 S.W.2d 157, 161 (Tex. Crim. App. 1977).
           Next, Appellant utilizes the testimony at trial of Officer Carrasco that he began
interrogating Appellant immediately upon his arrest and the interrogation lasted for four
hours. At trial, the officer testified that he began talking to Appellant after his arrest at
approximately 4 p.m. Appellant had been advised of his rights. At around 6 p.m., he started 
interviewing Appellant and he began typing the confession at 9:50 p.m. It was finished at
10:48 p.m. The interviewing was not continuous and various breaks in the interviewing
occurred. This evidence in and of itself does not implicate the involuntariness of the
confession or present a factual dispute. See Licon v. State, 99 S.W.3d 918, 925 (Tex. App.--El Paso 2003, no pet.) (interrogation of almost four hours was not excessively long).
           Lastly, Appellant contends that Officer Carrasco’s testimony that he placed Appellant
under arrest before he requested consent to search the van, and his testimony that he did not
get written consent to search the van necessitated giving the requested instruction. We fail
to see the relevance or the causal connection to the confession. Accordingly, we overrule
Issue No. Four.



           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice

August 31, 2006

Before Barajas, C.J., McClure, and Chew, JJ.

(Publish)