BRIAN MILLSAP V. SHOW TRUCKS USA, INC.






NO. 07-08-0307-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 6, 2009
______________________________

AARON JAMEL LEWIS,
Â 
Appellant

v.

THE STATE OF TEXAS, 
Â 
Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â _________________________________

FROM THE 181st DISTRICT COURT OF POTTER COUNTY;

NO. 50,322-B; HON. JOHN B. BOARD, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Aaron Jamel Lewis (appellant) appeals from his conviction for possession of a
controlled substance in a drug-free zone. He filed his notice of appeal on July 22, 2008. 
The clerkâs record was filed on October 24, 2008, the reporterâs record on October 17,
2008, and a supplemental clerkâs record on December 8, 2008. Appellantâs brief was due
on November 24, 2008. Neither a brief nor a motion for extension was filed by that date
with the court. On December 10, 2008, the court sent a letter to appellant notifying him
that the brief was overdue and that the brief or response was due on December 22, 2008. 
 On December 11, 2008, counsel for appellant filed a motion for extension of time to file
appellantâs brief, which was granted to December 29, 2008. To date, no brief or extension
motion has been filed.
Â Â Â Â Â Â Â Â Â Â Consequently, we abate the appeal and remand the cause to the 181st District Court
(trial court) for further proceedings. Upon remand, the trial court shall immediately cause
notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:
Â Â Â Â Â Â Â Â Â Â 1.Â Â Â Â Â Â Â whether appellant is indigent; 
Â 
Â Â Â Â Â Â Â Â Â Â 2.Â Â Â Â Â Â Â whether appellant desires to prosecute the appeal;
Â 
3. whether appellant has been denied the effective assistance of
counsel due to appellate counselâs failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35,
83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief).

Â Â Â Â Â Â Â Â Â Â We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the courtâs findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerkâs record containing the findings of fact and conclusions
of law and 2) a reporterâs record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerkâs
record to be filed with the clerk of this court on or before February 5, 2009. Should
additional time be needed to perform these tasks, the trial court may request same on or
before February 5, 2009.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



icer to ask. James v. State,
102 S.W.3d 162, 173 (Tex. App.-Fort Worth 2003, pet. ref'd); Leach v. State, 35 S.W.3d
232, 235 (Tex. App.-Austin 2000, no pet.). Nor does the encounter become a further
detention simply due to the request for permission to search. Vargas v. State, 18 S.W.3d
247, 252-53 (Tex. App.-Waco 2000, pet. ref'd). Further, the officer is not required to inform
the occupants that they are free to leave. Id. at 252 n.1. 

 At bar, the evidence shows that the officer requested permission from the driver to
search the vehicle and that consent to do so was voluntarily given. Thus, he was
authorized to act upon the consent given him. And, it reasonably falls within the scope of
the consent granted by the person in control of the vehicle to ask those in the car to exit it
so the search can be conducted.

 Next, while the officer did ask both occupants to empty their pockets, the contents
of their respective pockets were not in issue here; indeed, the record does not even
indicate what the contents were. Rather, it was what the officer saw on the appellant's
forearms after she emptied her pockets that caused him to question her further. The garb
she wore was such that it allowed him to observe scars and red, scabby needle tracks
extending from her wrists to her elbows. Being uncovered, red, scabby and perceivable
by the eye, the trial court could have reasonably inferred from the evidence that they were
in plain view. See Walter v. State, 28 S.W.3d 538, 541-42 (Tex. Crim. App. 2000), quoting
Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), (defining
plain view as contraband left in open view and observed by a police officer from a lawful
vantage point so that no invasion of a legitimate expectation of privacy has occurred). And,
being in plain view, the officer need not have had reasonable suspicion or probable cause
to mentally seize what he saw; that is, being in plain view, neither the federal or state
constitutions required the officer to ignore, or prevented him from testifying about, the
marks even if we were to assume that he had no basis to ask appellant to empty her
pockets. (2) So too could it be said that the marks and what they indicated (i.e. recent drug
use) created reasonable suspicion that criminal activity was afoot and appellant was
involved in it. See Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001) (defining
reasonable suspicion as specific articulable facts when combined with rational inferences
from those facts which would lead an officer to reasonably suspect that a particular person
has engaged or is or soon will be engaging in criminal activity). Thus, the officer had lawful
basis to temporarily detain appellant and ask her questions sufficient to either negate or
substantiate that suspicion. See Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App.
1997) (discussing the scope of the investigation that the officer may undertake if
reasonable suspicion of criminal activity exists).

 Next, in questioning appellant about whether she used methamphetamine, he
discovered that she did. This, coupled with the officer's belief (based upon his having seen
like marks on "many occasions") that the tracks indicated "recent use" of the drug, the
officer's observation of the Crown Royal bag in appellant's open purse, and his knowledge
and experience that drugs are often kept in Crown Royal bags (3) constituted facts sufficient
to justify the conclusion that drugs were probably in the bag. (4) See Rojas v. State, 797
S.W.2d 41, 43 (Tex. Crim. App. 1990) (stating that probable cause to search "exists when
the facts are sufficient to justify the conclusion that the property which is the object of the
search is probably in the area to be searched"). So, the totality of the circumstances would
permit a trial court to find that the officer had probable cause (under both the federal and
state constitutions) to remove the bag from the purse and search it for drugs. 

 Accordingly, we 1) conclude that the trial court did not abuse its discretion by
denying the motion to suppress, 2) overrule the two issues before us, and 3) affirm the
judgment rendered below.


 Brian Quinn

 Justice


Publish.
1. The Fourth Amendment to the federal constitution and article I, §9 of the Texas Constitution are the
same in material aspects but are to be construed independently. Richardson v. State, 865 S.W.2d 944, 948
(Tex. Crim. App. 1993); Uresti v. State, 98 S.W.3d 321, 329 (Tex. App.--Houston [1st Dist.] 2003, no pet.) 
2. Nothing of record suggests that but for the request to empty her pockets, the marks on her bare arms
would not have been seen.
3. See Jurdi v. State, 980 S.W.2d 904, 906 (Tex. App.-Fort Worth 1998, pet. ref'd) (wherein
methamphetamine and drug paraphernalia was found in a Crown Royal bag); Hollis v. State, 971 S.W.2d 653,
655 (Tex. App.-Dallas 1998, pet. ref'd) (wherein the officer found cocaine in a Crown Royal bag and testified
that such bags are often used to carry drugs); Wells v. State, 968 S.W.2d 483, 484 (Tex. App.-Eastland 1998,
pet. ref'd), cert. denied, 526 U.S. 1021, 119 S.Ct. 1259, 143 L.Ed.2d 355 (1999) (wherein drug paraphernalia
was discovered in a Crown Royal bag); Rhodes v. State, 913 S.W.2d 242, 249 (Tex. App.-Fort Worth 1995),
aff'd, 945 S.W.2d 115 (Tex. Crim. App. 1997) (wherein officers testified that in their experience, Crown Royal
bags are frequently used to carry drugs); 
4. Appellant contradicted the officer's testimony that her purse was open and the Royal Crown bag in
plain view. This testimony, however, created a question of fact for the trial court to resolve. And, apparently,
the trial court resolved it against appellant. We defer to that finding given the applicable standard of review.